UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

AMBER DOOLEN,
    Plaintiff,

v.                                                Civil Action No.:   1:12-cv-00384

BEST BUY STORES, LP d/b/a BEST BUY

## MOTION TO REMAND

      Comes Plaintiff, Amber Doolen, and moves the Court to remand this case back to the Grafton Superior Court, to award costs and expenses and attorney fees necessitated by defendant's wrongful removal; and to order that all further Orders including scheduling the meeting and joint status report be held in abeyance until the Court has ruled on this motion to remand.   In support of this motion to remand, Plaintiff states that Defendant's sole reason for removal is the allegation that Plaintiff is asserting claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec. 2002 et seq. ("Title VII"), paragraphs 18 and 22 of the Writ.   Plaintiff states that this case does not arise under federal law, but under New Hampshire state law, and therefore the Federal Court lacks subject matter jurisdiction.   Plaintiff prays that this Court remand this action back to the Grafton Superior Court.   In support of the foregoing, Plaintiff submits the following.

 1.     Courts must strictly construe the removal statutes in favor of remand, and against removal, <u>Diaz v. Shepard</u>, 85 f.3d 1502 (11th Cir. 1996) and <u>Brown v. Frances</u>, 75 F.3d 860 (3rd Cir. 1996).

2.     Plaintiff's cause of action as stated in the heading of the Writ and as pled in the body of the Writ is for employment discrimination and retaliation under N.H.R.S.A. 354-A, and not Title

VII.

3.   The only reference to Title VII in paragraphs 18 and 22 of the Writ is to "categories of discrimination recognized by Title VII of the Civil Rights Act of 1964 as amended".   The citation to Title VII is for a description of the categories of discrimination only.

4.   If necessary to be any more explicit, Plaintiff has brought her cause of action for discrimination and retaliation only pursuant to the New Hampshire Civil Rights Statute, N.H.R.S.A. 354-A.

5.   When there is no subject matter jurisdiction, remand is mandatory.   28 U.S.C. sec. 1447(c); <u>International Primate Protection League v. Tulane Educ. Fund</u>, 500 U.S. 72, 89, 111 S.Ct. 1700, 1710 (1991).

6.  Plaintiff filed her cause of action in the Grafton Superior Court, which is a court of competent jurisdiction.   It is well settled law that the Plaintiff is the master of her claim and may choose what law to rely on.   Plaintiff has relied on the New Hampshire Statute, N.H.R.S.A. 354-A and not Title VII.

   Wherefor, based upon all of the foregoing, Plaintiff prays this Court to find that Plaintiff's case does not arise under federal law and that therefore the Federal Court lacks subject matter jurisdiction, and that this Court should remand this case to the Grafton Superior Court.   Plaintiff further should recover costs and actual expenses and attorney fees on this motion to remand necessitated by Defendant's erroneous removal.

       Respectfully submitted,

       <u>s/Linda Sullivan Leahy</u>
       LINDA SULLIVAN LEAHY, NH Bar # 20529
       LEAHY & LEAHY, PLLC
        347 Village Street, Suite C
        Penacook, NH 03303
        ATTORNEY FOR PLAINTIFF